IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR331 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| MAUDE T. HILL, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 79), and the government's statement of position (Filing No. 80). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

**Defendant's Objections**

The Defendant objects to ¶¶ 24 and 28, and to the lack of a downward adjustment of 2 levels under U.S.S.G. § 2D1.1(b)(15). According to the cover letter that accompanied the final version of the PSR, the objections were not initially submitted to the probation officer as required in the Order on Sentencing Schedule. Additionally, the Defendant offered no argument regarding the objection to ¶ 24. Therefore, the Court's tentative findings are that the objections are denied.

**Government's Statement**

The government stated that it will not oppose the Defendant's request for a reduction for relief under the safety valve. A request has not yet been made, and the Court will allow the Defendant to make an oral request at sentencing.

The government responded to the Defendant's request for a 4-level reduction for a role as a minimal participant and the lack of a 2-level reduction under U.S.S.G. § 2D1.1(b)(15).

IT IS ORDERED:

1. The Defendant's objections to the PSR are denied;

2. The Defendant may request a safety valve reduction orally at sentencing;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 18th day of June, 2012.

BY THE COURT:

S/ Laurie Smith Camp
Chief United States District Judge